IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES H. WELLMAN,
individually,

    Plaintiff,

v.                            Civil Action No. 5:13CV108
                                     (STAMP)
GREAT AMERICAN LINES, INC.
and DONALD E. MILLIGAN, JR.

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND</u>**

I.  <u>Background</u>

The plaintiff, James H. Wellman, commenced this civil action by filing a complaint in the Circuit Court of Brooke County, West Virginia. Through this complaint, the plaintiff alleges that defendant Donald E. Milligan, Jr. ("Milligan") negligently drove his vehicle into the plaintiff's vehicle while in the scope of his employment with defendant Great American Lines, Inc. ("GAL"). The plaintiff states that the alleged automobile accident took place in Follansbee, Brooke County, West Virginia. The plaintiff seeks compensatory and general damages as a result of the alleged automobile accident.

The defendants then removed this action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. The defendants contend that this Court has jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and

costs, and the action is between citizens of different states.  The defendants specifically assert that defendant Milligan is a resident of Illinois, and defendant GAL is a corporation organized under the laws of Pennsylvania with its principal place of business in Pennsylvania.  Further, the defendants generally assert that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Thereafter, the plaintiff filed a motion to remand wherein he argues that the defendants have failed to offer "competent proof" that the jurisdictional requirements for removal are met. Specifically, the plaintiff argues that the petition for removal did not contain any monetary figures or any documentation supporting its conclusion that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  The defendants did not file a response to the plaintiff's motion.[1]  For the reasons set forth below, this Court grants the plaintiff's motion to remand.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  Federal

---

[1] Despite the defendants' failure to respond, this Court will address the plaintiff's motion to remand on the merits of the motion.  This Court will not merely grant the motion as unopposed, because the plaintiff's motion to remand challenges this Court's subject matter jurisdiction.

courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id. Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the

petition for removal was filed.  <u>Chase v. Shop 'N Save Warehouse Foods</u>, 110 F.3d 424, 428 (7th Cir. 1997).

## III. <u>Discussion</u>

The plaintiff asserts that the defendants have not satisfied their burden of providing this Court with sufficient proof that the plaintiff's claim exceeds $75,000.00, exclusive of interest and costs, as they have not come forward with any proof at all regarding the amount in controversy.  Instead, the plaintiff asserts that the defendants are asking this Court to engage in mere speculation regarding the amount in controversy, which the plaintiff contends this Court cannot do.

As stated above, the burden of establishing the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal.  <u>Mulcahey</u>, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy.  When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount.  <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994).  In such circumstances, the court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum.  <u>Id.</u>

4

After carefully reviewing the complaint and the petition for notice of removal, this Court concludes that the defendants have not satisfied their burden of proof. The defendants failed to provide any evidence that at the time the plaintiff filed his complaint, his damages may have exceeded $75,000.00, exclusive of interest and costs. As this Court has noted a number of times, removal cannot be based upon speculation and "bare allegation[s] that the amount in controversy exceeds $75,000." See Asbury-Casto v. Glaxosmithkline, Inc., 352 F. Supp. 2d 729, 731 (N.D. W. Va. 2005); and Haynes v. Heightland, 2006 U.S. Dist. LEXIS 19194 *3 (N.D. W. Va. 2006). With regard to claims for which the plaintiff makes no specific damages demand, a removing defendant must present actual evidence that the amount in controversy is exceeded; simple conjecture will not suffice. See Bartnikowski v. NVR, Inc., 307 F. App'x 730, 737 (4th Cir. 2009) (unpublished) (finding that amount in controversy not shown when defendant "has put forth no evidence of its own to support [the claimed amount in controversy, but] rather, has only presented a conjectural argument").

Here, the defendants failed to include any evidence or make any allegations in their notice of removal concerning the amount in controversy, besides the general bare assertion that the plaintiff's claims exceed $75,000.00, exclusive of interest and costs. Further, the plaintiff's complaint does not contain any allegation concerning the amount of damages that the plaintiff

5

seeks, let alone an allegation that those damages exceed the jurisdictional amount.  As stated above, the defendants bear the burden of producing actual evidence when such claims do not make a specific damages demand.  The defendants have not produced any such evidence.  Therefore, this Court cannot find that the defendants have met their burden of proof of establishing that the plaintiff's damages exceed $75,000.00, exclusive of interest and costs.

IV. Conclusion

For the aforementioned reasons, the plaintiff's motion to remand (ECF No. 7) is hereby GRANTED.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Brooke County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 26, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE